

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

DMP:EHS/ADR
F. #2022R00305

April 8, 2024

By Email and ECF

Maxine Marquez
United States Probation Officer
Eastern District of New York
147 Pierrepont Street
Brooklyn, New York 11201

   Re: United States v. Nicholas Welker
      Criminal Docket No. 23-141 (PKC)

Dear Probation Officer Marquez:

   The government writes to object to two aspects of the defendant's criminal history in the Presentence Investigation Report ("PSR") prepared for defendant Nicholas Welker. As set forth below, the correct criminal history calculation results in a Category V criminal history and a United States Sentencing Guidelines ("U.S.S.G." or Guidelines) range of 30 to 37 months' imprisonment.

   First, the adult criminal convictions section of the PSR is incomplete because it fails to include two of the defendant's adult criminal convictions, though these convictions are referenced elsewhere in the PSR. On or about December 29, 2013, the defendant was convicted for violating a protective order. PSR ¶ 54. On or about March 21, 2017, the defendant was convicted for battery. PSR ¶ 56. Both convictions are listed under "Other Arrests." See PSR ¶¶ 54, 56. Neither of these convictions are listed in the portion of the PSR that describes convictions. See PSR ¶¶ 40-46. Both convictions should be listed in the "Adult Criminal Convictions" portion of the PSR, because in both instances, as is noted in the PSR, the defendant was convicted. See PSR ¶¶ 54, 56.

   Second, the defendant's 2013 conviction for violating a protective order should be assessed two criminal history points. As noted in the PSR, the defendant was sentenced to 60 days' incarceration for violating a protective order. PSR ¶ 54. This conviction was not included in the defendant's criminal history points calculation. See PSR ¶¶ 40-48. Although this conviction was later set aside, the application notes indicate that set aside convictions "are to be counted." See U.S.S.G §4A1.2 Application Note 10; United States v. Matthews, 205 F.3d 544, 548-549 (2d Cir. 2000) (analyzing U.S.S.G §4A1.2 Application Note 10 and holding that youthful offender

convictions were properly included in calculating criminal history points). Accordingly, the violation of the protective order conviction results in an additional two criminal history points. See U.S.S.G §4A1.1(b).[1] In total, the defendant has 10 criminal history points. Given ten criminal history points, the defendant is in a criminal history category V, and his Guidelines range is 30 to 37 months, not 24 to 30 months (see PSR ¶ 98).

The government requests that the Probation Department (1) include the December 29, 2013 and March 21, 2017 convictions in the "Adult Criminal Convictions" section of the PSR; (2) correct the criminal history points calculation to 10 points; and (3) correct the Guidelines calculation to 30 to 37 months.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
Ellen H. Sise
Andrew D. Reich
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of the Court (by ECF)
Defense Counsel (by E-mail and ECF)

---

[1] Similarly, the 2017 battery conviction also has not been assessed criminal history points in the PSR. However, because the defendant has already accumulated the maximum of four criminal history points under § 4A1.1(c), the battery conviction does not result in any additional criminal history points. See PSR ¶ 47.